UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD TRUSCHKE, JR., | No. 2:13-cv-1255-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. FLYNN, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding without counsel. By order filed July 9, 2013, the court noted plaintiff's apparent intent to file a civil action under the Civil Right Act, 42 U.S.C. § 1983. ECF No. 3. The court informed plaintiff of what is required to properly commence a civil action, including payment of the $400 filing fee or an application to proceed in forma pauperis, and a signed complaint including a short and plain statement of his claim. The court informed plaintiff that until he submits a proper complaint and either pays the filing fee or meets the requirements for proceeding in forma pauperis, there simply is no case before the court. The court granted plaintiff thirty days to submit a complaint and either the filing fee or an application to proceed in forma pauperis. Plaintiff has done neither.

Instead, plaintiff has inundated the court with hundreds of pages of documents, almost none of which are responsive to the court's order (and many of which are duplicative). *See* ECF Nos. 4-17 (including, but not limited to, various declarations, requests addressed to the Shasta

1

County Superior Court, requests for transcripts, request for subpoenas, requests for temporary restraining orders, rap sheets, copies from legal treatises, various letters, and petitions for writs of habeas corpus).[1]

Amongst plaintiff's voluminous and disorganized filings are several affidavits of indigency, as required by the in forma pauperis statute.  However, plaintiff's in forma pauperis application is not complete.  28 U.S.C. § 1915(a)(2) requires that in addition to the affidavit, plaintiff must also file a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.  This certified copy must be obtained from the appropriate jail official.   Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent.

Nor has plaintiff filed a complaint.  Plaintiff is reminded that until he submits a proper complaint as instructed on July 9, 2013, and either pays the filing fee or meets the requirements for proceeding in forma pauperis, there simply is no case before the court.  For this reason, plaintiff's outstanding requests (which are largely incomprehensible) are denied.

Plaintiff is admonished that the court is not a repository for his legal documents.  Plaintiff shall file the certified trust statement and complaint, as ordered below.  Plaintiff's certified trust statement and complaint must be clearly labeled as such, and shall not be accompanied by (or buried within) any superfluous documents.  That is, plaintiff must refrain from filing and re-filing documents that are simply not responsive to the court's orders, and serve only to delay these proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's outstanding motions are denied, as they are largely incomprehensible, are not responsive to the court's July 9, 2013 order, and because there is no case or controversy before the court.

/////

---

[1] The only responsive documents are those relating to plaintiff's application to proceed in forma pauperis, and his notice to decline the jurisdiction of a United States Magistrate judge.  These documents, however, are buried among the above-referenced and improperly filed documents.

2. The Clerk of the Court is directed to send to plaintiff a new form Application to Proceed In Forma Pauperis by a Prisoner, and a form for filing a civil rights action under 42 U.S.C. § 1983.

3. Within 30 days of the date of this order, plaintiff must submit the Application to Proceed In Forma Pauperis (including the required trust account statement) and a complaint, as required for the commencement of a civil action.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE